lUNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION

| | |
|---|---|
| KEVIN BLACKWELL, KEITH BROWN, LARRY CLAY, MALVIN CRANE, CHARLES CRUMP, MELVIN EDWARDS, GILBERTO FELIX, MICHAEL FRICK, DANIEL GREEN, JERMAINE HARDY, DARRELL HAWES, ERIC HERTER, ROBERT HILL, CLIFFORD HOPSON, JOSEPH JACKSON, PAUL JAMES, MELVIN JONES, TERRANCE KING, QUINTON LITTLE, JERRY LOVETT, ARTHUR PRESSLEY, PARRISH SANDERS, BRADLEY SARGINSON, BRICE SARGINSON, JUAN STEPNEY, and DON TALLIE,<br><br>Plaintiffs,<br><br>v.<br><br>AMSTED RAIL CO., INC.,<br><br>Defendant. | JURY TRIAL DEMANDED<br><br>Case No.  3:13-cv-00184-MJR-SCW |

## COMPLAINT

Plaintiffs, individually, for his or her Complaint against defendant Amsted Rail Company, Inc., allege as follows:

### Nature of Case

1. Amsted employed or employs Plaintiffs at its foundry and manufacturing facility in Madison County, Illinois, which is located within the Southern District of Illinois. During the relevant time period preceding this action, Amsted required

Plaintiffs to work before their paid shifts without compensation. For example, certain Plaintiffs performed such activities before their paid shifts as obtaining tools and supplies, starting and connecting equipment, testing tools and equipment, obtaining tool and equipment repairs and replacements, and servicing tools and equipment. Amsted also required many of the Plaintiffs to work after their paid shifts without compensation. For example, certain Plaintiffs performed such activities after their paid shifts as shutting down machinery and equipment, storing tools, and cleaning and preparing work areas for the next day or following shift. Such tasks are integral and indispensable to the performance of Plaintiffs' assigned job duties. As such, Amsted received substantial unpaid labor from Plaintiffs. Plaintiffs seek to recover unpaid wages and overtime compensation under the Fair Labor Standards Act ("FLSA").

### Jurisdiction and Venue

2.  The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over the FLSA claims of Plaintiffs and other similarly situated employees is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.  Venue in this district is proper under 28 U.S.C. § 1391(b) and (c) because Amsted conducts business in this district and substantial unlawful conduct giving rise to the claims occurred in this district.

## Parties

4. Plaintiff Kevin Blackwell has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

5. Plaintiff Keith Brown has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

6. Plaintiff Larry Clay has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

7. Plaintiff Malvin Crane has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

8. Plaintiff Charles Crump has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

9. Plaintiff Melvin Edwards has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

10. Plaintiff Gilberto Felix has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

11. Plaintiff Michael Frick has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

12. Plaintiff Daniel Green has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

13. Plaintiff Jermaine Hardy has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

14. Plaintiff Darrell Hawes has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

15. Plaintiff Eric Herter has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

16. Plaintiff Robert Hill has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

17. Plaintiff Clifford Hopson has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

18. Plaintiff Joseph Jackson has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

19. Plaintiff Paul James has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

20. Plaintiff Melvin Jones has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

21. Plaintiff Terrance King has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

22. Plaintiff Quinton Little has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

23. Plaintiff Jerry Lovett has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

24. Plaintiff Arthur Pressley has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

25. Plaintiff Parrish Sanders has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

26. Plaintiff Bradley Sarginson has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

27. Plaintiff Brice Sarginson has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

28. Plaintiff Juan Stepney has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

29. Plaintiff Don Tallie has been employed by Amsted as an hourly employee at its steel foundry and manufacturing facility located in Madison County, Illinois during the relevant time period.

30. Defendant Amsted Rail Company, Inc. is a wholly-owned subsidiary of Amsted Industries Incorporated. It is an international steel and train parts manufacturing company that operates various steel foundries and manufacturing facilities in the United States including a foundry and manufacturing facility in Madison County, Illinois, which falls within the Southern District of Illinois.

## General Allegations

31. During the time that Plaintiffs worked as hourly employees for Amsted, Amsted paid them on an hourly basis and classified them as "non-exempt" under the FLSA.

32. Amsted pays its hourly employees based on their scheduled shift times and not on actual hours worked.

33. Amsted has required all Plaintiffs to perform unpaid work before and/or after their paid shifts. Plaintiffs have consistently worked "off the clock" and without pay. Accordingly, Plaintiffs are entitled to compensation for the time spent working before and/or after their paid shifts.

34. Amsted requires all Plaintiffs to start work before the beginning of their paid shifts. For example, certain Plaintiffs performed tasks before their paid shifts such as obtaining tools and supplies, starting and connecting equipment, testing tools and equipment, obtaining tool and equipment repairs and replacements, servicing tools and equipment, and/or cleaning and organizing their work areas prior to their paid shifts without compensation.

35. Amsted requires certain Plaintiffs to work after their paid shifts. For example, certain Plaintiffs performed tasks after their paid shifts such as shutting down machinery and equipment, storing tools, cleaning and preparing work areas for the next day or following shift, and/or shoveling sand after their paid shifts without compensation.

36. All such pre-shift tasks are substantial, preparatory, integral, and indispensable to performing the assigned job duties of Plaintiffs and others similarly situated.

37. All such post-shift tasks are substantial, integral, and indispensable to performing the assigned job duties of Plaintiffs and others similarly situated.

38. Amsted did not accurately record all time worked by Plaintiffs, and specifically did not include time they spent performing work before their paid shift, during unpaid lunch breaks, and/or after the end of their paid shift.

39. Moreover, Amsted's timekeeping system is, in effect, an illegal rounding policy, as it rounds away any time that a Plaintiff clocks in before the start of the shift, but does not ever round in the Plaintiff's favor if the Plaintiff clocks in after the start of the shift. Thus, the rounding works exclusively in Amsted's favor and does not average out over time to fully compensate the Plaintiffs for all time worked.

40. Likewise, Amsted's timekeeping system illegally rounds away any time that a Plaintiff clocks out after the end of the shift, but does not round in a Plaintiff's favor if the Plaintiff clocks out before the end of the shift. Thus, the rounding again works exclusively in Amsted's favor and does not average out over time to fully compensate the Plaintiffs for all time worked.

41. The net effect of Amsted's policies and practices, instituted and approved by company managers, is that Amsted willfully failed to pay wages and overtime compensation and willfully failed to keep accurate time and/or payroll records to

save payroll costs. Amsted thus enjoyed substantial ill-gained profits at the expense of Plaintiffs.

## Count I:  Violation of the Fair Labor Standards Act of 1938

42.  Plaintiffs reassert and re-allege the allegations set forth above.

43.  At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 et seq.

44.  The FLSA regulates, among other things, the payment of wages for overtime worked by employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

45.  Amsted is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

46.  Amsted violated the FLSA by failing to pay for overtime worked.

47. Amsted further violated the FLSA by failing to pay regular wages in weeks in which the Plaintiffs worked overtime.

48. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiffs.

49.  Plaintiffs are victims of a uniform compensation policy.

50. Plaintiffs are entitled to damages equal to pay for all regular and overtime hours worked during weeks they worked more than 40 hours and the

mandated overtime premium pay within the three (3) years preceding either the filing of this Complaint or the date they originally opted-in to the case styled *Marshall v. Amsted Rail Co.*, Case No. 3:10-cv-00011-MJR-CJP pending in this Court, plus periods of equitable tolling, because Amsted acted willfully and knew, or showed reckless disregard for whether, its conduct was prohibited by the FLSA.

51. Amsted has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime compensation permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find Amsted did not act willfully in failing to pay overtime compensation, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

52. As a result of the aforesaid willful violations of the FLSA's overtime provisions, unpaid wages have been unlawfully withheld by Amsted from Plaintiffs. Accordingly, Amsted is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiffs demand judgment against Amsted and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury of all issues triable by jury.

Dated: February 22, 2013                             Respectfully submitted,

STUEVE SIEGEL HANSON LLP                             WEINHAUS & POTASHNICK

/s/ Richard M. Paul III (with permission)            /s/ Mark A. Potashnick
Richard M. Paul III (MO Bar # 44233)                 Mark A. Potashnick
(pro hac forthcoming)                                (Ill. Bar # 6271083)
Ashlea Schwarz (MO Bar # 60102)                      11500 Olive Boulevard, Suite 133
(pro hac forthcoming)                                St. Louis, Missouri 63141
460 Nichols Road, Suite 200                          Tel: (314) 997-9150
Kansas City, Missouri 64112                          Fax: (314) 997-9170
Tel: (816) 714-7100
Fax: (816) 714-7101


ATTORNEYS FOR PLAINTIFFS